{¶ 25} The board found that respondent is of good character and reputation in the greater Cleveland legal community and that the following considerations also weighed in his favor:

{¶ 26} "1. Respondent has no prior disciplinary record.

{¶ 27} "2. Respondent made a timely good faith effort to rectify the consequences of his misconduct.

{¶ 28} "3. Respondent made full and free disclosure to, and cooperated fully with the investigation by Disciplinary Counsel concerning his misconduct.

{¶ 29} "4. Respondent admitted his guilt and paid the fine assessed in the 2006 criminal case."

{¶ 30} The board found no aggravating factors.

{¶ 31} We accept the board's findings with respect to aggravation and mitigation; however, a sanction more rigorous than the board's recommendation is required for the harm caused by respondent's improprieties. We therefore order that respondent be suspended from the practice of law in Ohio for one year. The suspension is stayed, however, on the conditions that respondent complete a two-year probation in accordance with Gov.Bar R. V(9), fully comply with the terms of his current OLAP contract, completely refrain from the use of alcohol, and commit no further violations of either the Code of Judicial Conduct or the Rules of Professional Conduct. If respondent fails to comply with the conditions of this stay, the stay will be lifted, and he will be suspended from practice for one year.

{¶ 32} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Robert R. Berger, Assistant Disciplinary Counsel, for relator.

Mary L. Cibella, for respondent.

THE STATE OF OHIO, APPELLEE, *v*. MCKAY, APPELLANT.

[Cite as *State v. McKay,* 124 Ohio St.3d 442, 2010-Ohio-718.]

(No. 2007–1023—Submitted January 13, 2010—Decided March 4, 2010.)

{¶ 1} The judgment of the court of appeals is reversed on the authority of *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, to the extent that the court of appeals held that R.C. 2929.191 could be applied in this case. R.C. 2929.191 may not be applied to a sentence entered prior to July 11, 2006.

Moyer, C.J., and Pfeifer, O'Connor, O'Donnell, and Cupp, JJ., concur.

Lundberg Stratton and Lanzinger, JJ., dissent for the reasons stated in the dissenting opinion of Lanzinger, J., in *State v. Singleton*.

Thomas L. Sartini, Ashtabula County Prosecuting Attorney, and Shelley M. Pratt, Assistant Prosecuting Attorney, for appellee.

Ashtabula County Public Defender Office, Inc., and Marie Lane, for appellant.

The State of Ohio, Appellee, *v.* Bailey, Appellant.

[Cite as *State v. Bailey,* 124 Ohio St.3d 443, 2010-Ohio-720.]

(No. 2007–1787—Submitted January 13, 2010—Decided March 4, 2010.)

{¶ 1} The judgment of the court of appeals is reversed on the authority of *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, to the extent that the court of appeals held that R.C. 2929.191 could be applied in this case. R.C. 2929.191 may not be applied to a sentence entered prior to July 11, 2006.

Moyer, C.J., and Pfeifer, O'Connor, O'Donnell, and Cupp, JJ., concur.

Lundberg Stratton and Lanzinger, JJ., dissent for the reasons stated in the dissenting opinion of Lanzinger, J., in *State v. Singleton*.